#### IN THE

# SUPREME COURT

#### OF THE

## STATE OF NEW YORK,

IN AUGUST TERM, 1827, IN THE FIFTY-SECOND YEAR OF OUR INDEPENDENCE.

---

### *Ex parte* BENSON.

J. A. SPENCER moved for a mandamus to the judges of Oneida C. P., commanding them to set aside a rule to quash an appeal, taken by default against the relator, on motion of Brace and others, appellees. The motion was noticed for December term of the C. P., 1826; and the hearing postponed to the next term, March, 1827. At this time, the relator's attorney was in Albany attending the supreme court; and the postponement entirely escaped his recollection. On these facts, he moved the C. P. to vacate the rule, and hear the motion on its merits; but the motion was overruled.

*The supreme court will not interfere by mandamus, to compel a court of common pleas to open a rule granted by default, on the ground that the attorney forgot to appear.*

*It is a mere matter of discretion with the C. P. whether they will open the rule or not.*

*A mandamus does not lie, to coerce the discretion of an inferior tribunal.*

*G. C. Bronson,* contra.

*Curia.* Whether the C. P. would open the rule or not, upon the facts disclosed, rested entirely in their discretion; with which we have nothing to do. The question is not, whether we would have listened to the application, in a like case, upon our rules of practice. The court below have

UTICA,     their own rules; and so far as they rest in discretion, *and
August, 1827. violate no rule of law, we uniformly refuse to interfere with
Jackson    them. (Vid. *Ex parte Bacon,* 6 Cowen, 392.) Granting
v.         this motion, would be a precedent for reviewing the whole
Tuttle.    non-enumerated business of every court of C. P. in the
           state.[1]

Motion denied.

---

[1] For a very thorough and complete treatise on the law of Mandamus,
see *note* to *Fish* v. *Weatherwax,* 2 Johnson's cases, p. 217, *et seq.*